Thomas E. Morrissey, J.
Defendant moves to dissolve and vacate the injunctive provisions of a final judgment entered upon consent on April 29, 1939, pursuant to article 23-A of the General Business Law, permanently enjoining the defendant from engaging in the sale and distribution of securities in the State of New York, except as a salesman employed by a reputable dealer and broker registered and qualified to act as such in the State of New York and with the Securities and Exchange Commission of the United States.
The complaint in the action alleges that the defendant failed to keep a proper and complete set of books and records concerning his transactions in the sale of securities and that he engaged in fraudulent practices in the sale of securities within the State of New York in violation of article 23-A of the General Business Law.
It does not appear that there was ever any trial of the action, but annexed to the judgment is the defendant’s consent to its entry in the following language: “The undersigned hereby consents to the entry of the foregoing proposed judgment and injunction, but in doing so does not admit any fraud in the purchase or exchange of securities or any of the allegations in the complaint.”
Although as pointed out, the complaint does charge that defendant engaged in fraudulent practices, the affidavit of the Assistant Attorney-General supporting the application for judgment makes no mention of any such fraudulent practices but states: “ That the defendant herein has failed to keep a proper set of books and records for his securities business ’ ’.
Defendant’s present application is based upon the ground, among others, that his exemplary conduct since the entry of the judgment in 1939 warrants its dissolution. In opposition, the Attorney-General urges that the interests of justice and the proper protection of the public require a denial of the application, that article 23-A does not contemplate any such modification and that section 528 of the Civil Practice Act is a bar.
The affidavits submitted by the defendant and which are not refuted in substance by the Attorney-General clearly indicate *58 that any moneys defendant may have owed to clients have been repaid in full with compound interest; that since 1939 the defendant has conducted himself in an honest, reliable and trustworthy manner, that he has served as a director of many important business enterprises, that he is now a man of great wealth, and that the injunction has resulted in considerable hardship to the defendant and his family.
The primary question that presents itself for consideration is whether this court has the power to vacate or modify a permanent injunction of this character. The Attorney-General contends that article 23-A of the General Business Law does not contemplate any such modification and that section 528 of the Civil Practice Act is a bar.
A reading of article 23-A discloses however, that no such restriction is expressed therein. Further, the case of People v. Riley (188 Misc. 969), which is on all fours with the case at bar, is direct authority to the contrary. It holds that the court has the power to vacate or modify the injunction and that section 528 does not constitute a bar. The court in a well-reasoned and considered opinion states (pp. 971-973): “ To support his assertion of laches the Attorney-General relies on the provisions of section 528 of the Civil Practice Act. In the absence of exceptional circumstances not here pertinent ‘ A motion to set aside a final judgment, for error in fact not arising upon the trial, shall not be heard * * * after the expiration of two years since the filing of the judgment-roll * * V (Civ. Prac. Act, § 528.) The present motion is made long after this period of limitation has expired, but the section is inapplicable in any event. The defendant makes no pretense of ‘ error in fact not arising upon the trial ’, nor does it appear that there is any basis for such claim. There is no charge of irregularity in the judgment or error of any kind, nor is there any assertion of fraud or imposition in its procurement. On this motion the validity of the judgment is not under attack in any way. The instant proceeding is described as ‘ an application for relief from the restraint of an order of this court materially restricting the defendant in his pursuit of a livelihood and materially and potentially constituting a source of embarrassment. ’ Thus, the defendant relies on the power or jurisdiction of a court of equity to relieve him from the burdens placed upon him by one of its judgments. The exercise of any such power or jurisdiction does not rest upon statutory provisions in respect to timeliness of an application to set aside a judgment on usual grounds. (Civ. Prac. Act, §§ 521-528. See Lowe v. Prospect Hill Cemetery Assn., 75 Neb. 85; Ladner v. Siegel, 298 Pa. 487.) *59 * * * This power of vacatur or modification over a decree in a preventive injunction is inherent in the court which granted it, and may be exercised in furtherance of the ends of justice where the circumstances and situation of the parties are no longer the same. ’ ’
Other than the Special Term decisions cited by the Attorney-General, which hold that section 528 is a bar, there do not appear to be any appellate court decisions which are controlling upon this point. On this aspect of the case it is my opinion that People v. Riley (supra) represents the sounder view.
As adverted to above, subsequent to the granting of the injunction the defendant has conducted himself in a meritorious and exemplary fashion. In the circumstances the court believes the injunction should be lifted.
Even assuming that the modification of this injunctive decree must rest upon a clear showing that the evils which justified the prohibition have vanished, the defendant in my opinion, has established that the “ dangers, once substantial, have become attenuated to a shadow.” (United States v. Swift & Co., 286 U. S. 106, 119.)
Defendant’s application is therefore granted. Submit order.